# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DR. KALVIN EATON in his capacity as Superintendent of the MARENGO COUNTY BOARD OF EDUCATION; FREDDIE CHARLESTON in his capacity as President of the MARENGO COUNTY BOARD OF EDUCATION; CHESTER MOORE in his capacity as President of the MARENGO COUNTY BOARD OF EDUCATION; LYNDA JOINER in her capacity as President of the MARENGO COUNTY BOARD OF EDUCATION; RAYVELL SMITH in his capacity as President of the MARENGO COUNTY BOARD OF EDUCATION; MARK BEDSOLE in his capacity as President of the MARENGO COUNTY BOARD OF EDUCATION; and RICHARD JOHNSON in his capacity as Chief School Financial Officer of the MARENGO COUNTY BOARD OF EDUCATION, <br><br> Defendants. | CIVIL ACTION NO. <br> _____ |

# COMPLAINT

Plaintiff Schneider Electric Buildings Americas, Inc. brings this Complaint seeking an ORDER from the Court directing Defendants to perform the non-discretionary and ministerial act of causing the Marengo County Board of Education (the "BOE") to make payment to Plaintiff pursuant to a written contract between Plaintiff and the BOE, where Plaintiff has performed the work and the amounts due are liquidated or otherwise are determinable pursuant to the terms of the written contract. This action is authorized under the law as described in the case of <u>Ala. DOT v. Harbert International, Inc.</u>, 990 So.2d 831 (Ala. 2008).

## Parties and Jurisdiction

1. Plaintiff Schneider Electric Buildings Americas, Inc. ("Schneider") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas. For purposes of diversity of citizenship, Schneider is deemed a citizen of the State of Delaware and of the State of Texas.

2. Defendant Dr. Kalvin Eaton ("Dr. Eaton") is the Superintendent of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

3. Defendant Freddie Charleston ("Mr. Charleston") is the President of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

4. Defendant Chester Moore ("Mr. Moore") is a member of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

5. Defendant Lynda Joiner ("Ms. Joiner") is a member of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

6. Defendant Rayvell Smith ("Mr. Smith") is a member of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

7. Defendant Mark Bedsole ("Mr. Bedsole") is a member of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

8. Defendant Richard Johnson ("Mr. Johnson") is the Chief School Financial Officer of the Marengo County Board of Education and is a citizen and resident of the State of Alabama.

9. There exists complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand.

10. There exists more than $75,000.000 in controversy, exclusive of interest and costs, in this litigation.

11. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

12. Venue is proper in the Northern Division, as Marengo County is found in the Northern Division of the Southern District, the Marengo County Board of Education is found there, and the work performed and accepted under the written contract at issue occurred there.

## Background Facts

13. On or about February 24, 2022, Schneider entered into a written **ENERGY SERVICES CONTRACT** (the "Contract") with the Marengo County Board of Education, for, inter alia, the installation of a new fire alarm system for certain BOE schools. A copy of the Contract is attached as **EXHIBIT A**.

14. On or about February 28, 2023, Schneider and the Marengo County Board of Education entered into **AMENDMENT NO. 1** to the Contract (the "Amended Contract), for, inter alia, installation of upgraded LED lighting, a cloud-based voice over internet protocol telephone system, a building automation system for HVAC systems, and upgrades or replacement of specified electrical infrastructure at the BOE's Sweet Water High School. A copy of the Amended Contract is attached as **EXHIBIT B**.

15. Schneider provided the specified goods and services until on or about November 8, 2024, at which time the BOE directed Schneider to stop work because, inter alia, the State of Alabama had purportedly declined a bond issue requested by the BOE. A copy of the stop work directive is attached as **EXHIBIT C**.

16. For work performed to date, Schneider has performed all corrective or remedial work that it has identified as well as all corrective or remedial work identified by or on behalf of the BOE, including those issues identified by the BOE's consultant, Gunn & Associates P.C.

17. The BOE has taken possession and use of the work performed to date, and all fire and electrical inspections have passed and been satisfied. The schools are being used by students, teachers, faculty and staff.

18. Schneider has billed and invoiced the BOE, per the terms of the Contract and the Amended Contract, for work performed to date, but the BOE failed and refused to pay invoices totaling $1,446,825.50 as per the invoices attached as **EXHIBIT D**. On or about September 15, 2025, the BOE paid $600,000.00 of the indebtedness, but, without any cogent explanation, the BOE has failed and refused to pay the remaining invoice balance of $846,825.50 which remains outstanding. A copy of the $600,000.00 check is attached as **EXHIBIT E**.

19. Under Alabama law, a state agency such as the BOE ordinarily enjoys sovereign immunity. However, the Alabama Supreme Court has recognized that there are established exceptions to the protection afforded the State or its agencies by sovereign immunity. See *Ala. DOT v. Harbert International, Inc.*, 990 So.2d 831 (Ala. 2008). Among those recognized exceptions are actions brought to force state officers or employees to perform their legal duties. The Alabama Supreme Court

has elaborated on this exception and noted that, notwithstanding sovereign immunity, mandamus relief is available to compel state officers or employees to perform the ministerial act of paying for goods or services provided under a contract:

> Generally, mandamus relief is available in certain situations to compel a State officer to perform the ministerial act of tendering payment of liquidated or certain sums the State is legally obligated to pay under a contract. *State Highway Dep't v. Milton Constr. Co.*, 586 So. 2d 872, 875 (Ala. 1991); *see also* [*Alabama Agric. & Mech University v. Jones*], 895 So.2d 867, 877-79 (Ala. 1991) (describing as "well-established [the] rule that a writ of mandamus will issue to compel payment of only such claims as are liquidated" and noting that prior caselaw had held "that payment for goods or services, for which the State had contracted and accepted, could be compelled by mandamus"); and *State Bd. Of Admin v. Roquemore*, 218 Ala. 120, 124, 117 So. 757, 760 (1928) ("the claim asserted [against the State was] for an amount fixed or determinable by the terms of the contract of sale," and was "definite and certain, … and not an unliquidated claim, in the sense that would render mandamus unavailable").

*Ala. DOT v. Harbert International, Inc.*, 990 So.2d at 842.

20. Thus, the proper cause of action for a party such as Schneider is to sue the state officers or employees, in their official capacities, to compel them to perform the ministerial duty of paying for goods and services contracted for and accepted.

21. Individually, or in concert with one another, Defendants Dr. Eaton, Mr. Charleston, Mr. Moore, Ms. Joiner, Mr. Smith, Mr. Bedsole and Mr. Johnson have the right, power, authority and ability to direct, order or cause the BOE to pay Schneider per the terms of the Contract.

22. However, despite repeated requests to the BOE and its counsel, said Defendants have failed and refused to perform their legal duty to cause the BOE to pay Schneider the sums owed to Schneider under the contract.

23. Schneider has performed all required conditions precedent and is legally entitled to payment under the Contract.

24. The amounts due under the Contract are liquidated or are determinable per the written terms of the Contract.

25. The BOE has received and taken beneficial use of the work under the Contract and the Amended Contract and the BOE has a legal duty to pay Schneider per the terms of the Contract and the Amended Contract.

26. Schneider respectfully asks this Court to enter an ORDER of mandamus compelling third-party defendants Dr. Eaton, Mr. Charleston, Mr. Moore, Ms. Joiner, Mr. Smith, Mr. Bedsole and Mr. Johnson, each and all of them, to perform their legal duty and cause the BOE to pay Schneider the principal sum of $846,825.50, and interest of 1% per month as specified in Article 2.1 of the Terms and Conditions of the Contract.

WHEREFORE, Schneider asks that the Court enter an ORDER compelling each and all of the third-party defendants to perform their legal duty and cause the BOE to pay Schneider the sum of $846,825.50 plus interest, as per the terms of the Contract and the Amended Contract.

                                       s/E. Glenn Waldrop, Jr.
                                       One of the Attorneys for Defendant
                                       Schneider Electric Buildings Americas, Inc.

OF COUNSEL:

E. Glenn Waldrop, Jr.
gwaldrop@lightfootlaw.com
George A. Brewster, Jr.
gbrewster@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)


**SERVE DEFENDANTS BY CERTIFIED MAIL**

Dr. Kalvin Eaton                                           Mr. Rayvell Smith
101 Shiloh Street                                          101 Shiloh Street
Linden, AL 36748                                           Linden, AL 36748

Mr. Freddie Charleston                                     Mr. Mark Bedsole
101 Shiloh Street                                          101 Shiloh Street
Linden, AL 36748                                           Linden, AL 36748

Mr. Chester Moore                                          Mr. Richard Johnson
101 Shiloh Street                                          101 Shiloh Street
Linden, AL 36748                                           Linden, AL 36748

Ms. Lynda Joiner
101 Shiloh Street
Linden, AL 36748